Rockingham Probate Court,
No. 5748.

## In re Nellie G. Magoon Estate.

Argued October 1, 1968.
Decided October 31, 1968.

*Boynton, Waldron & Dill* ( *Mr. Wyman P. Boynton* orally), for Doris P. Boucher.

*Gerald F. Giles* ( by brief and orally ), for the State of New Hampshire, Department of Health and Welfare.

Grimes, J.  This is a petition filed in the probate court for Rockingham county by the Director of the Division of Welfare asking that letters of administration on the estate of Nellie G. Magoon be issued and reciting that the deceased was the owner of certain real estate in New Castle. Doris P. Boucher, a daughter of Ida Maxam, appeared and objected to the granting of the petition on the ground that she was the owner of the real estate in question by virtue of the will of Bert C. Magoon and a deed from Ida Maxam and her two other children. The question of ownership of the property, which involves the construction of the will of Bert C. Magoon, was transferred on an agreed statement of facts by *Treat,* judge of probate.

According to the agreed statement of facts, Bert C. Magoon died on November 7, 1934 survived by his wife Nellie and no children. His will, executed in 1927 which was not drawn by an attorney, was duly proved and allowed. It provided in full as follows:

" I, Bert C. Magoon, do give and bequeath all my property, both real estate and personal to my wife, Nellie G. Magoon,

and in the event of her death to go to her sister, Mrs. Ida M. Maxam. And in the event of Mrs. Maxam's death, to go to her children." The only property in his estate was the real estate in question. Nellie died on November 6, 1965 survived by Ida Maxam and her three children. During the latter years of her life, the Division of Welfare furnished aid to Mrs. Magoon in an amount substantially exceeding the equity in the property and in her lifetime filed liens on the realty as her property.

On January 12, 1966, an affidavit of voluntary administration in the estate of Nellie G. Magoon was filed by a niece, based on the claim that there was no real property in her estate. No claim was ever filed by the Division of Welfare with the voluntary administrator, but on March 23, 1967, the present petition was filed.

It is the contention of Doris P. Boucher that Nellie Magoon took only a life estate under the will, while the State claims that she took a fee simple. We agree with the State.

The words "in the event of her death" describe an uncertain event. The only uncertainty regarding the death of Nellie with which Bert would be concerned as a testator was whether she would survive him. It is our opinion that the phrase "in the event of her death" should be read "in the event of her death *before mine.*" We hold that it was the intention of the testator to devise to his wife a fee simple if she survived him, but that in the event of her death before his, the property should go to her sister if she was living, but if not, to her children. *Ellis* v. *Aldrich,* 70 N. H. 219; see, Restatement Property, *s.* 108, *comment* b, *p.* 342.

Mrs. Boucher also contends that even if Mrs. Magoon had a fee simple in the real estate, the State has lost any right it may have had against the estate because of its failure to file a claim or bring suit within the time limits provided by RSA 556:1-5 after the filing for voluntary administration under Laws 1961, ch. 108. *Cf.* RSA 553:31 ( supp ). While the limitations imposed in RSA ch. 556 have been held to apply to the State. ( *In re Dockham Estate,* 108 N. H. 80 ), they impose no bar under the circumstances of this case.

Voluntary administration under Laws of 1961, ch. 108 was permitted only if the estate " consists entirely of personal property " and the statute provided further that the powers of any voluntary administrator should cease if a personal representative of the deceased was appointed under RSA ch. 552 or ch. 553.

Whatever application the limitations of RSA ch. 556 may have, if any, in voluntary administrations, they can have no effect with respect to property of the deceased not administrable in that form. It follows, therefore, that the claim of the State against the real estate of the deceased is not barred by reason of any failure to present a claim to or bring suit against the voluntary administrator.

It follows that the petition may be granted.

*Remanded.*

All concurred.